[No. 1894. Decided February 19, 1896.]

JOHN S. BAKER *et al., Appellants,* v. H. J. BICKNELL *et ux., Respondents.*

FRAUDULENT REPRESENTATIONS — SUFFICIENCY OF EVIDENCE — AP-PEAL — HARMLESS ERROR.

In an action by the purchaser of land to recover damages for misrepresentation in regard thereto, a verdict for defendant will not be disturbed when it appears from the evidence that the representations were in the nature of opinions, and that the purchaser had been upon the premises and examined them prior to purchase.

Although the court may have erroneously treated the trial of a cause as an action at law instead of in equity, and permitted a trial to a jury, yet the error will be regarded as harmless on appeal, when it appears from a review of the proofs, all of which had been preserved in the record, that the jury reached a correct conclusion and that the finding of the court must have been the same as that of the jury.

Appeal from Superior Court, Yakima County.— Hon. CARROLL B. GRAVES, Judge. Affirmed.

*Whitson & Parker,* for appellants.

*H. J. Snively,* and *Fred Miller,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The appellants bought a tract of land from the respondents, paying part of the purchase price at the time, and giving notes secured by a mortgage thereon for the balance. Subsequently, before the notes were paid appellants brought an action against the respondents to recover a portion of the purchase price of the premises on the ground of certain alleged misrepresentations made to them by the respondents, and asked that the amount awarded to them therefor be offset against the balance of the purchase price remaining unpaid, and the notes given

canceled to that extent. The cause was tried to a jury, and a verdict and judgment in favor of the respondents resulted. This appeal was taken therefrom, and two principal grounds of error are alleged. One is that the verdict and judgment were contrary to the evidence, and the other that the cause should have been tried as an action in equity.

Three elements of damages were alleged as a basis for a recovery. The tract in question was farm land, and an irrigating canal had been constructed through it, and one of the grounds for damages was that, in negotiating the trade, respondents represented that there were one hundred and thirty-five acres of said tract below said ditch, and capable of being irrigated. Another ground was that the respondents represented that there were a certain number of acres in orchard thereon, and the third ground was that the respondents represented that there would be a crop of peaches on said place the coming season, the purchase having been made in the winter time. It is contended that a much larger quantity of the land was above the ditch and not susceptible of irrigation than was represented, and that a much smaller number of acres were in orchard, and that there was no peach crop in said year. As to this last ground, it is claimed that the peach buds were killed at the time the purchase was made and that respondents knew it, and knew that there would be no crop, and as to the first two grounds it is claimed that the representations aforesaid were fraudulently made by the respondents, and furthermore, whether fraudulent or not, that the appellants would be entitled to recover if the representations were untrue. The investigation of this case has required us to examine a large amount of testimony taken upon the trial, which we shall not under-

take to set forth in this opinion. While the statute makes it our duty to pass upon the facts under certain circumstances, it is not often that a case is presented where a statement of the testimony would be of general benefit, and this case is not one of them. The respondents denied making the representations as claimed by the appellants with regard to the quantity of the land above and below the irrigating ditch, and as to the number of acres in orchard, and claimed that all that was said with reference thereto was in the way of expressing an opinion, the respondents claiming that they stated at the time that they had never had the amount of land above and below the ditch surveyed to determine the respective quantities and had never had the land in the orchard measured. They also claim that at that season of the year, it was impossible to determine whether there would be a peach crop, and that they simply expressed an opinion that there would be one. It appears that appellants were both upon the premises and examined the same prior to the purchase, and there is no ground in our opinion for the contention of appellants that the verdict should be set aside as contrary to the evidence.

The other contention that the cause was one in equity and not one at law is not of much importance at this stage of the case, unless the evidence preponderates in favor of appellants. The testimony and proofs were all preserved and made a part of the record before us. After an examination thereof, we are of the opinion that the jury reached a correct conclusion therefrom. This being so, it could make no substantial difference to appellants whether the cause was tried as one in equity or at law, and it is only matters of substance that should be considered upon appeal. If the appellant sustained no injury the

judgment should stand. If the cause had been tried as one in equity and was before us on appeal and we should find the same way that the jury found, as we would be disposed to do from the proofs, the same result would be reached.

Affirmed.

DUNBAR, GORDON and ANDERS, JJ., concur.

HOYT, C. J. (*dissenting*). In my opinion the contention of the appellants as to the law and facts was fully sustained by the record, and for that reason the judgment should be reversed and a new trial had.